IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00227-EWN-MEH

RICK JOHNSON

      Plaintiff,

v.

USA TRUCK, INC., A Non Registered Foreign Corporation Doing Business in Colorado, and TERRICK K. SCOTT

      Defendants.

___

### STIPULATED PROTECTIVE ORDER
___

    1.    In the course of this litigation it is anticipated that both parties will request access to information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege.

    2.    "Document" means a writing, as defined in CRE 1001 and includes the original or a copy of handwriting, typewriting, printing, photostatting, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.  A draft or non-identical copy is a separate document within the meaning of this term.  Documents may include without limitation, answers to interrogatories, responses to request for production, responses to requests for admission, depositions, and other information disclosed pursuant to the disclosure or discovery rules.

3.      Either party may designate a Document as confidential provided that Document has some form of privacy interest, confidentiality interest, trade secret interest, or privilege.  If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "confidential" by the party designating it as such.  Deposition transcripts or portions thereof may also be designated confidential.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition transcript or portions thereof as confidential by providing written notice of the designation to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

4.      Either party may object to a designation of a Document as confidential by giving written notice to the party designating the disputed document.  For Documents disclosed after the date this Protective Order is signed by the Court, such written objection must be made within ten business days of the receipt of the disputed Document.  If such written objection is not made within ten business days after the receipt of the disputed Document any objection to the designation is waived.  For Documents disclosed before the date this Protective Order is signed by the Court, such written objection must be made within ten business days of the date of the Court's signature.  If such written objection is not made within ten business days after the date of the Court's signature any objection to the designation is waived.  The written objection shall identify the disputed Documents and the basis for the dispute.  If the parties cannot resolve the written objection it shall be the obligation of the objecting party to file an appropriate motion requesting that the Court determine whether the disputed Document should be subject to the terms of this Protective Order.  Such motion must be filed within thirty business days after the mailing of the written objection.  If no

such motion is timely filed, the Document shall remain confidential and any objection to the designation is waived. If such a motion is timely filed, the disputed Document shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the Document as confidential shall bear the burden of establishing the basis for that designation.

     5.     Any material designated confidential shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of the Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

     a.     The parties and officers, directors or employees of a party;

     b.     Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

     c.     Expert witnesses and consultants retained in connection with this proceeding;

     d.     Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master or Referee appointed by the Court; and

        e.        Actual or potential deposition witnesses or trial witnesses in this action.

6.        If a Document is designated confidential and is submitted to the Court, it shall be submitted under seal.  In the event confidential information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status.  The Court will adopt appropriate procedures in connection with the Trial Management Order to protect the confidential status of any such Documents.

7.        Any qualified person provided with confidential documents shall be informed of this stipulated Protective Order and shall be subject to its terms.

8.        At the conclusion of the case, unless other arrangements are agreed upon, each Document and all copies thereof which have been designated confidential -- including copies provided to other Qualified Persons -- shall be returned to the party who designated it confidential, or the parties may elect to destroy confidential documents.  Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9.        This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for both parties, and it shall be submitted to the Court to be made an Order of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 23rd day of June, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Seth A. Rider | s/ Alan D. Avery |
| Seth A. Rider, Esq. | Alan D. Avery, Esq. |
| of Baldwin & Carpenter, P.C. | of Jaudon & Avery, LLP |
| 1512 Larimer Street, Suite 450 | 1660 Wynkoop Street, Suite 1010 |
| Denver, Colorado  80202 | Denver, CO 80202 |
| Phone: (303) 623-1832 | Phone: (303) 832-1122 |
| Fax:   (303) 623-1832 | Fax:   (303) 832-1348 |
| Email: srider@baldwin-carpenter.com | Email: aavery@jalegal.com |
| | |
| ATTORNEY FOR DEFENDANT | ATTORNEY FOR DEFENDANT |
| USA TRUCK, INC. | TERRICK K. SCOTT |

| | |
|---|---|
| s/ Kenneth A. Senn | s/ Darin L. Schanker |
| Kenneth A. Senn, Esq. | Darin L. Schanker, Esq. |
| of Law Office of Kenneth A. Senn | of Bachus & Schanker, L.L.C. |
| 3620 Oakhill Drive. | 1400 16th Street, Suite 450 |
| Titusville, Florida 32780 | Denver, CO 80202 |
| Phone: (321) 385-3121 | Phone: (303) 893-9800 |
| Fax:   (321) 385-3550 | Fax:   (303) 893-9900 |
| Email: ksenn@bellsouth.net | Email: info@coloradolaw.com |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR PLAINTIFF |