IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00227-EWN-MEH

RICK JOHNSON,

       Plaintiff,

v.

USA TRUCK, INC., a non registered foreign corporation doing business in Colorado, and
TERRICK K. SCOTT,

       Defendants.

## **RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND**

Before the Court is Plaintiff's Motion to Amend the Complaint to Add Request for Exemplary Damages [Docket #50]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.    Facts**

Plaintiff filed this action against Defendants based on injuries Plaintiff received during a traffic accident involving a semi tractor-trailer owned by Defendant USA Truck and driven by Defendant Scott and three other vehicles. Defendant Scott was driving northbound on I-25 in snowy and icy conditions when he came upon traffic congestion. He attempted to stop the truck headed downhill and slid into the guardrail before hitting the car behind Plaintiff's, causing a chain reaction. Plaintiff seeks to amend his Complaint to include a claim for exemplary damages based on the following: Defendant USA Truck's failure to retain Defendant Scott's logbooks after receiving notice of Plaintiff's injuries; Defendant USA Truck allowing Defendant Scott to operate its semi tractor-trailer

with an allegedly poor safety record; and Defendant USA Truck's failure to train Defendant Scott how to drive in winter conditions.

In response, Defendant USA Truck asserts that Plaintiff's former counsel never requested that the log books be retained, that log books have little relevance to Plaintiff's claims, that Plaintiff's motion is untimely, and that Plaintiff's allegations are not sufficient to support an instruction for punitive damages. Plaintiff replies that the motion is timely based upon when the facts supporting this motion were discovered; that a reasonable person would have known that litigation would likely ensue at the time that Defendant USA Truck destroyed the log books; that Colorado law is instructive in this area; and that the existence of any evidence contrary to this inference serves as a rebuttal to the inference, not a bar to it.

**II.   Discussion**

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Defendant relies on the good cause standard for amending the Scheduling Order under Rule 16(b), and Plaintiff cites to cases from the Nineteenth [sic] Circuit for the proposition that the Court should be lenient in enforcing the deadlines in the Scheduling Order. Contrary to Defendant's assertions, the Tenth Circuit has not concluded that the good cause standard of Rule 16(b) applies

to the amendment of a complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Even so, the Tenth Circuit has noted that the good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a). *Id.* Thus, the Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter*, 451 F.3d at 1204.

      **A.**      **Undue delay**

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted).

In this case, the deadline for amendment of pleadings was June 30, 2006. The question of delay requires the Court to consider the timing in which Plaintiff learned each of the facts upon which Plaintiff's amendment is predicated. For example, Plaintiff argues that he did not learn of Defendant USA Truck's failure to train Defendant Scott on driving in snowy conditions or Defendant Scott's poor safety record until late September 2006 when he took Defendant Scott's deposition. Second, Plaintiff states that he did not receive confirmation that the log books were destroyed until July 25, 2006, and he also did not depose a company representative to determine why until late 2006. Defendant contends that Plaintiff first knew the log books had been destroyed on June 21, 2006, but

does not address the other factual allegations in its Response.

Plaintiff filed the instant Motion to Amend on December 7, 2006. The discovery deadlines in this case have been extended in this case as to limited areas, including deposing experts as late as January 26, 2007, deposing Plaintiff, extended due to medical injuries, as late as November 24, 2006. Yet, Plaintiff's deadline for Rule 26(a)(2) disclosures of experts related to driver and company safety issues was September 8, 2006, and the only discovery sought after November 24, 2006, was the depositions of experts related to Plaintiff's medical improvement. These requests were granted in part because the expert opinions relating to Plaintiff's medical condition affect only the damages sought in this case, not any of the claims.

The Court notes that, based on Plaintiff's assertions, he knew the log books were no longer available in July and completed the accompanying depositions in September 2006. Plaintiff makes no attempt to explain this four-month delay, or over two-month delay since taking the depositions, in seeking this amendment. Based on the entire record of this case, this Court cannot find that Plaintiff was diligent in seeking this amendment once sufficient facts were available, and therefore, concludes that Plaintiff's delay is undue.

### B. Undue Prejudice

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found

"when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Here, Plaintiff's amendment focuses largely on the negative inference to be drawn from Defendant USA Truck's destruction of the log books. This represents a marked shift from the allegations of negligent driving and negligent hiring and training contained in Plaintiff's original Complaint. Plaintiff admits that he knew the log books were no longer available on July 25, 2006. Importantly, the dispositive motion deadline was October 10, 2006, and Defendant's Motion for Summary Judgment was fully briefed before Plaintiff sought this amendment. Now that discovery is closed and the dispositive motion has been fully briefed, Defendant would be unduly prejudiced by this amendment, particularly given Plaintiff's knowledge of these facts well before the discovery deadline.

Plaintiff's amendment is also based on Defendant USA Truck's failure to properly train Defendant Scott how to drive on winter road conditions and Defendant USA Truck's hiring of Defendant Scott despite his allegedly poor safety record. These allegations do not raise entirely new factual issues, and Defendants do not allege any prejudice for a claim based on these factual allegations. Nevertheless, as discussed *infra*, the Court believes an amendment based on these allegations is futile.

### C. Futility

Although the Court has determined that Plaintiff has unduly delayed in seeking this amendment and that Defendant will be unduly prejudiced with regard to Plaintiff's assertion of a negative inference, the Court will separately determine whether allowing the amendment is futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amendment is futile if it would not

survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In this case, the Court is exercising diversity jurisdiction, which requires the Court to follow federal procedural law and state substantive law. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Thus, the Court may allow the amendment, procedurally under Rule 15(a), if the amendment is not futile under state substantive law.

Colorado law applies here. Pursuant to C.R.S. § 13-21-102(1.5)(a), a Complaint cannot initially include a request for exemplary damages. Instead, the Plaintiff must seek leave of the Court to amend his Complaint to include a request for exemplary damages after initial disclosures are exchanged, and plaintiff can establish "*prima facie* proof of a triable issue." C.R.S. § 13-21-102(1.5)(a). *See also American Economy Insurance Company v. Schoolcraft*, No. 05-1870, 2007 U.S. Dist. LEXIS 3261 (D. Colo. Jan. 16, 2007) (Babcock, C.J.) (concluding that the state law requirements must be met because to the extent that this law affects procedural law, it does not conflict with federal procedural law). Exemplary or punitive damages are only appropriate if the actions of Defendant's employees in causing injury to Plaintiff were "attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). "Willful and wanton conduct, as relevant here, 'means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others. . .'." *American Economy Insurance Company*, 2007 U.S. Dist. LEXIS 3261 at *9 (quoting C.R.S. § 13-21-102(1)(b)).

### 1.     Conduct of Defendants

Plaintiff alleges that a punitive damage claim is appropriate because Defendant Scott received minimal training on driving on winter road conditions and, prior to his employment with Defendant USA Truck, was terminated from his previous employment for driving a semi tractor-trailer into a low hanging bridge. The Court does not believe that these facts establish *prima facie* proof of reckless conduct committed without regard to the rights and safety of others. Defendant Scott had a valid commercial driver's license, which required training and testing, and Defendant Scott received training on driving in wintery conditions from USA Truck through an "ethics and techniques" class he took as part of his orientation. This training, while allegedly insufficient, shows no evidence of disregard to the rights and safety of others.

In addition, Plaintiff provides only one instance of Defendant Scott's prior negligent driving, of which Defendant USA Truck received a report from Scott's prior employer before hiring him. While this may support a claim for negligent hiring, it does not present *prima facie* proof that Defendant Scott was known to be a dangerous driver when he was hired by Defendant USA Truck or that they were reckless in hiring him. Accordingly, Plaintiff has failed to present sufficient evidence to support his claim for punitive damages based on Defendant USA Truck's hiring and training of Defendant Scott. For these allegations, Plaintiff's amendment is, therefore, futile.

### 2.     Negative Inference based on Defendant USA Truck's Conduct

Plaintiff argues that because Defendant USA Truck destroyed the Scott's log books after receiving notice of the claim, Plaintiff is entitled to a negative inference that Defendant Scott was operating the semi tractor-trailer in violation of the Federal Motor Carrier Safety Regulations ("FMCSA"). In response, Defendant USA Truck argues that Plaintiff's former counsel never

requested the log books before they were destroyed, in the common course of business and pursuant to Federal Motor Carrier Safety Regulations. Defendant also argues that other evidence in the case rebuts this negative inference. Plaintiff replies that Defendant should have known the log books were relevant and knew Plaintiff had not yet inspected them. Plaintiff further asserts that the Court should look to Colorado law for guidance, which would not require a bad faith motive on the part of Defendant USA Truck.

Plaintiff's argument on this issue requires the Court to, first, find that a negative inference is appropriate and, second, determine that this negative inference should support a claim for punitive damages. This negative inference, assuming *arguendo* that Defendant USA Truck was sanctioned in this manner, is not sufficient to provide *prima facie* proof in support of a punitive damage claim.[1] While Plaintiff argues that any evidence contradicting this inference may serve as a rebuttal, the Court must look at all evidence presented to determine whether Plaintiff can sufficiently allege that Defendants' actions were willful and wanton. This Plaintiff cannot do.

Plaintiff seeks an inference that "Defendant USA Truck failed to properly monitor Mr. Scott; Mr. Scott drove in excess of the speed limit; and that Mr. Scott drove while his ability or alertness was impaired due to fatigue, illness, or any other cause, as to make it unsafe to operate the semi tractor-trailer." Dock. #50, p. 6. Yet, the accident report does not indicate any violation, Defendant USA Truck's computer auditing program, which automatically checks the logbooks for violations, did not find a violation in Defendant Scott's log books, and a speed govern on the truck Defendant

---

[1] The Court declines to address whether a negative inference is appropriate because it is unnecessary for purposes of this motion. Moreover, now that discovery on this matter has closed, the sanction of a negative inference is most appropriately raised in a pre-trial motion so that the District Judge in this case can determine the inferences and evidence that will be admissible at trial.

Scott was driving prohibited the truck from exceeding sixty-three miles an hour, which is below the posted speed limit. Further, Defendant Scott's Responses to Interrogatories state that he had been on the road for only a short time that morning afer spending the night in Colorado and that he had no physical or mental disabilities or impairments. The foregoing facts sufficiently rebut any negative inference such that a claim for punitive damages against Defendant USA Truck based on this inference is improper. Accordingly, Plaintiff's amendment based on the negative inference is futile.

## III.   Conclusion

Accordingly, the Court RECOMMENDS that Plaintiff's Motion to Amend the Complaint to Add Request for Exemplary Damages [Filed December 7, 2006; Docket #50] be **denied**. Plaintiff failed to seek this amendment in a timely manner, thereby prejudicing Defendants, and Plaintiff's proposed amendments fail to set forth *prima facie* proof of willful and wanton conduct. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 5th day of February, 2007.

                        BY THE COURT:

                        s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge